1  Ronald P. Oines (State Bar No. 145016)
   roines@rutan.com
2  Sarah Van Buiten (State Bar No. 324665)
   svanbuiten@rutan.com
3  RUTAN & TUCKER, LLP
   18575 Jamboree Road, 9th Floor
4  Irvine, CA  92612
   Telephone:   714-641-5100
5  Facsimile:   714-546-9035

6  Attorneys for Plaintiff
   Alignment Healthcare USA, LLC
7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11 Alignment Healthcare USA, LLC, a          Case No. 8:25-cv-01354
   Delaware limited liability company,
12                                           **COMPLAINT FOR:**
                  Plaintiff,
13                                           1. **FEDERAL TRADEMARK**
          vs.                                   **INFRINGEMENT (15 U.S.C.**
14                                              **§ 1114);**
   MindHYVE.ai, Inc., a Nevada              2. **FALSE DESIGNATION OF**
15 corporation; and DOES 1-10, inclusive,      **ORIGIN AND UNFAIR**
                                                **COMPETITION (15 U.S.C.**
16                Defendants.                    **§ 1125(a));**
                                             3. **COMMON LAW UNFAIR**
17                                              **COMPETITION AND**
                                                **TRADEMARK INFRINGEMENT;**
18                                           4. **CANCELLATION OF**
                                                **APPLICATIONS FOR**
19                                              **REGISTRATION (15 U.S.C. §**
                                                **1119); AND**
20                                           5. **UNFAIR COMPETITION**
                                                **PURSUANT TO CALIFORNIA**
21                                              **BUSINESS & PROFESSIONS**
                                                **CODE SECTION 17200 ET SEQ.**
22
                                             **DEMAND FOR JURY TRIAL**
23

24

25        Plaintiff Alignment Healthcare USA, LLC, a Delaware limited liability

26 company ("Plaintiff" or "Alignment") alleges as follows against defendant

27 MindHYVE.ai, Inc., a Nevada corporation ("MindHYVE.ai" or "Defendant"), and

28 DOES 1-10 (altogether, "Defendants"):

Rutan & Tucker, LLP
attorneys at law

## NATURE OF CASE

1.      Plaintiff seeks injunctive and monetary relief for Defendants' federal trademark infringement, false designation of origin, common law unfair competition and trademark infringement, and unfair competition under California Business & Professions Code section 17200, *et seq*., all of the foregoing arising from Defendants' unauthorized use of "AVA"-formative trademarks that are confusingly similar to Plaintiff's well-known and longstanding "AVA" trademark (the "AVA Mark") in the fields of healthcare and health insurance.  Based on the high likelihood of confusion with Plaintiff's AVA Mark, for which Plaintiff owns two federal trademark registrations, Defendants' pending applications to register its infringing AVA-formative trademarks should be cancelled, per  15 U.S.C. § 1119. Plaintiff thus brings this action to protect its valuable intellectual property rights.

## PARTIES

2.      Plaintiff is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1100 W. Town and County Rd., Ste. 1600, Orange, California 92868.

3.      On information and belief, Defendant MindHYVE.ai, Inc. is a corporation organized and existing under the laws of the State of Nevada with its principal place of business at 7700 Irvine Center Dr., Ste. 800, Irvine, California 92618.

4.      On information and belief, each of the defendants named herein as DOES 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged below, and are liable to Plaintiff for the damages and relief sought herein.  The identities of the individuals and entities named as defendants DOES 1 through 10, inclusive, are not presently known, but Plaintiff will seek to amend the Complaint to identify them when their names and identities have been ascertained.

5.      On information and belief, Plaintiff alleges that, in performing the acts

and omissions alleged herein, and at all times relevant hereto, each of the Defendants was the agent, servant, alter ego, employee, and/or successor or predecessor in interest of each of the other Defendants, and was at all times acting within the course and scope of such relationship, with the knowledge, approval, consent, or ratification of each of the other Defendants.

## JURISDICTION AND VENUE

6.     This action arises under the Lanham Act, 15 U.S.C. section 1051, *et seq.*, and under California common law and statute.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1338, and 15 U.S.C. section 1121, because Plaintiff's claims arise, in part, under the Lanham Act. This Court has supplemental jurisdiction pursuant to 28 U.S.C. sections 1338(b) and 1367 over Plaintiff's claims arising under the laws of the State of California.

7.     This Court has personal jurisdiction over MindHYVE.ai, including because MindHYVE.ai resides and does business in California and this judicial district, which business includes providing services under the AVA-formative marks that are the subject of this action.

8.     Venue is proper in the Central District of California under 28 U.S.C. sections 1391(b) and (c) because Defendants reside in this judicial district, and a substantial part of the events, omissions and acts that are the subject matter of this action arise out of or relate to Defendants' activities within the Central District of California.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS
### Plaintiff's Business and Trademark Rights

9.     Plaintiff is a healthcare company that provides goods and services to hospitals, physician groups, health plans, and patients.  Plaintiff serves doctors and patients by providing personalized, data-driven technology at every level of care.

10.     Since at least August 20, 2019, Plaintiff has continuously, extensively and exclusively used its AVA Mark in connection with the advertising and sale of

Rutan & Tucker, LLP
attorneys at law

1   various goods and services in the healthcare and health insurance arenas.

2        11.    In the insurance arena, Plaintiff provides Medicare health plans and

3   other health plan services under its AVA Mark.  Plaintiff partners with select health

4   plans to help deliver better benefits at lower costs.

5        12.    Additionally, in the healthcare technology arena, Plaintiff uses its AVA

6   Mark in connection with its proprietary artificial intelligence-based platform, called

7   AVA, which allows Plaintiff's care specialists and provider partners to predict,

8   direct, and manage care.  Plaintiff's AVA platform unifies member data sets and

9   then assesses the data through artificial intelligence models, thereby allowing care

10  teams to anticipate and deliver the appropriate care in an efficient manner.  Put

11  otherwise, Plaintiff's AVA platform uses artificial intelligence models to determine

12  the most likely factors associated with various outcomes, such as hospital admission

13  and re-admission risk, and various disease propensity scores, such that it is able to

14  determine who is most likely to be admitted, why the algorithm has predicted this

15  outcome, and how best to intervene.

16       13.    Plaintiffs owns two federal trademark registrations for the AVA Mark,

17  as shown below:

| Mark | Reg. No., Date | Goods and Services |
|------|----------------|--------------------|
| AVA | U.S. Reg. No.: 6,403,726 First Use By: Aug. 20, 2019 Registered: June 29, 2021 | Class 9: Computer application software for mobile phones, computers, and handheld computers, namely, software for tracking, storing and analyzing patient information, biometric measurements, and data and health history for use by health care providers to provide health care services through real-time patient coordination and intervention, and |

| Mark | Reg. No., Date | Goods and Services |
|------|----------------|--------------------|
|  |  | software for measuring the effectiveness and efficiency of healthcare provider and healthcare payor services to patients … [etc.] <br><br> Class 42: Software as a service (SAAS) services featuring software for tracking, storing and analyzing patient information, biometric measurements, and data and health history for use by health care providers to provide health care services through real-time patient coordination and intervention, and software for measuring the effectiveness and efficiency of healthcare provider and healthcare payor services to patients <br><br> Class 44: Interactive medical monitoring and alert service for monitoring patient health and real-time communication between patient and healthcare provider regarding patient health conditions and biometric measurements |
| AVA | U.S. Reg. No.: 7,464,841 <br> First Use By: Jan. 1, 2021 <br> Registered: Aug. 6, | Class 35: Managed care program-related services, namely, utilization and review services <br> Class 36: Administration and organization of health care benefit plans, claims |

| Mark | Reg. No., Date | Goods and Services |
|------|----------------|--------------------|
|      | 2024 | administration services in the field of health insurance;  health insurance underwriting, health insurance administration and health insurance claims processing; insurance administration and underwriting of medical, hospital and related health care services and benefit programs |
|      |      | Class 44: Providing healthcare information regarding patient health statistics, treatment options and lifestyle options; providing health care in the nature of comprehensive health care benefit programs through a health maintenance organization … [etc.] |

True and correct copies of the certificates of registration for these AVA Marks are attached to this Complaint as **Exhibit A**.  The AVA Marks are valid and subsisting and remain in full force and effect.

14.    Plaintiff has the exclusive right to use the AVA Mark in interstate commerce in connection with goods and services related to healthcare and health insurance, and Plaintiff's use has been exclusive since it first adopted the AVA Mark, with the exception of unauthorized uses, such as those described herein.

15.    Indeed, since at least as early as August 2019, and long before Defendants used any similar mark, Plaintiff has continuously, prominently and exclusively used its AVA Mark to denote the source of its goods and services, including healthcare and related data-driven technology services, in the United

States.  During this period, Plaintiff has committed significant amounts of time, effort and money to developing a widely respected reputation in the healthcare industry.  Thus, if Plaintiff's AVA Mark is not inherently distinctive, then it has acquired secondary meaning indicating Plaintiff as the source of the designated high-quality goods and services.  Accordingly, before the acts complained of in this Complaint, members of the general consumer population recognized the AVA Mark as exclusive source identifier for healthcare and related technological services as originating from, sponsored or approved by Plaintiff.

16.    Plaintiff has achieved a high level of commercial success in selling products and services bearing its AVA Mark, including its proprietary AVA platform, and has built a valuable reputation and substantial goodwill, with which the AVA Mark has become synonymous.

**Defendants' Infringement and Unfair Competition**

17.    On December 14, 2024, Defendants filed an intent-to-use application (U.S. Serial No. 98/903,288) to register the trademark "AVA-GRID" for use in connection with the following services in Class 42: "Information technology service, specializing in providing an AI-powered cloud platform enabling scalable, secure, and real-time deployment of advanced AI and AGI solutions for diverse industries."

18.    Upon learning of this application, Plaintiff sent a letter to Defendants on January 22, 2025, which notified Defendants of Plaintiff's prior rights in the AVA Mark (including Plaintiff's use of the AVA Mark in connection with its proprietary artificial intelligence-based platform) and federal registrations therefor; argued that the "GRID" portion of Defendants' mark is descriptive and/or generic, such that consumers will focus on "AVA" as the dominant source identifier; and concluded: "[a]ny use of AVA-GRID in connection with goods or services in the healthcare or health insurance industries, or goods and services intended for or sold to those in the healthcare or health insurance industries, would likely cause

1    confusion and, therefore, would constitute trademark infringement."

2        19.    Defendants sent a response letter on January 24, 2025, which

3    acknowledged that Defendants intends to use "AVA-GRID" in the healthcare and

4    insurance arenas, as follows: "Ava Grid is designed as an enterprise-focused AI

5    orchestration framework, exclusively serving B2B markets across diverse sectors,

6    including healthcare and insurance." (Emphasis added.) Despite the fact that

7    Defendants admitted to their intent to use "AVA-GRID" in the same arena in which

8    Plaintiff operates, Defendants asserted that consumer confusion is unlikely.

9        20.    On February 14, 2025, Plaintiff transmitted a response to Defendants,

10    which reiterated the likelihood of consumer confusion and requested that

11    Defendants stop their use of its confusingly similar AVA-formative mark in the

12    healthcare and insurance arenas. Defendants did not respond, however.

13        21.    Rather than respond, on May 9, 2025, Defendants filed an application

14    (U.S. Serial No. 99/177,903) to register the trademark "AVA-FUSION" in

15    connection with the following services in Class 42: "Software as a service (SaaS)

16    services featuring a foundational artificial intelligence model for cognitive

17    computing, contextual decision-making, and multi-domain adaptability, providing

18    real-time analytics, dynamic task orchestration, and personalized digital intelligence

19    across various industries; Software as a service (SaaS) services featuring an artificial

20    intelligence platform powered by a neural-symbolic reasoning engine for cognitive

21    computing, contextual decision-making, and domain-specific intelligence, enabling

22    advanced reasoning, analysis, forecasting, and adaptive learning across industries

23    including healthcare, legal, financial, educational, theological, and others, with

24    capabilities in self-learning, cross-domain interoperability, and automation of

25    complex decision-making tasks." (Emphasis added.) In connection with this

26    application, Defendants alleged a first use date of April 13, 2025.

27        22.    On June 2, 2025, Defendants proceeded to apply for registration of

28    eight additional AVA-formative trademarks on an intent-to-use basis, including

"AVA-HEALTHCARE" and "AVA-INSURANCE."  Defendants applied to register:

| Mark, U.S. Serial No. | Goods and Services |
|---|---|
| AVA-HEALTHCARE, U.S. Serial No. 99/213,791 | Class 42: Providing temporary use of on-line non-downloadable software and applications using artificial intelligence (AI) for predictive analytics, clinical decision support, and workflow optimization in healthcare by enhancing patient outcomes, operational efficiency, and compliance by integrating with electronic health records (EHR), automating administrative processes, and optimizing resource allocation for hospitals, clinics, and healthcare providers |
| AVA-INSURANCE, U.S. Serial No. 99/213,799 | Class 42: Providing temporary use of on-line non-downloadable software and applications using artificial intelligence (AI) for risk assessment, claims processing, and fraud detection in the insurance industry by utilizing predictive analytics, automated underwriting, and policy optimization to improve efficiency, accuracy, and compliance for insurance providers, brokers, and risk management firms |
| AVA-LEGAL, U.S. Serial No. 99/213,793 | Class 42: Providing temporary use of on-line non-downloadable software and applications using artificial intelligence (AI) for legal case management, automated legal research, and compliance monitoring … [etc.] |
| AVA-EDUCATION, U.S. | Class 42:  Providing temporary use of on-line non- |

| Mark, U.S. Serial No. | Goods and Services |
|---|---|
| Serial No. 99/213,796 | downloadable software and applications using artificial intelligence (AI) for enhancing personalized learning, curriculum planning, and faculty productivity … [etc.] |
| AVA-TECHNOLOGY, U.S. Serial No. 99/213,809 | <u>Class 42</u>: Providing temporary use of on-line non-downloadable software and applications using artificial intelligence (AI) for R&D insights, predictive analytics, and emerging technology integration … [etc.] |
| AVA-RETAIL, U.S. Serial No. 99/213,818 | <u>Class 42</u>: Providing temporary use of on-line non-downloadable software and applications using artificial intelligence (AI) for customer insights, inventory management, and personalized shopping experiences … [etc.] |
| AVA-THEOLOGY, U.S. Serial No. 99/213,826 | <u>Class 42</u>:  Providing temporary use of on-line non-downloadable software and applications using artificial intelligence (AI) for theological studies, interfaith dialogue, and religious education … [etc.] |
| AVA-MARKETING, U.S. Serial No. 99/213,825 | <u>Class 42</u>:  Providing temporary use of on-line non-downloadable software and applications using artificial intelligence (AI) for audience segmentation, campaign performance analysis, and predictive customer behavior modeling … [etc.] |

True and correct copies of Defendants' applications to file AVA-formative marks are attached to this Complaint as **<u>Exhibit B</u>**.

23.     Defendants have already begun touting the software services that they intend to offer under their infringing AVA-formative marks.  On their website, for example, Defendants have advertised their "Ava-Healthcare" model for use in connection with an artificial intelligence platform targeted to "medical diagnostics & patient care," as shown below:

## AGI Across Industries

With Ava-Fusion™ as the foundation and Ava-Grid™ as the infrastructure, Bill and his team expanded AGI capabilities by developing domain-specific models for key industries:

- Ava-Healthcare™ – Revolutionizing medical diagnostics & patient care.
- Ava-Legal™ – Automating legal research & compliance tracking.
- Ava-Education™ – Powering adaptive learning & curriculum intelligence.
- Ava-Finance™ – Driving market forecasting & risk analysis.
- Ava-Insurance™ – Enhancing claims processing & risk modeling.
- Ava-RealEstate™ – Optimizing property valuation & investment strategy.
- Ava-Technology™ – Accelerating R&D & IT infrastructure.
- Ava-Retail™ – Personalizing customer experience & inventory management.
- Ava-Theology™ – Facilitating theological analysis & interfaith discourse.
- Ava-Marketing™ – Predicting consumer trends & optimizing campaigns.

24.     Across several additional mediums, Defendants have advertised their intent to use their infringing AVA-formative marks in the healthcare arena.  For example, MindHYVE.ai's founder, Bill Faruki, published a blog post titled "Transforming Healthcare with Ava-Healthcare™: The Future of AI-Driven Clinical Decision Support," in which he touted: "Ava-Healthcare™ [is] a cutting-edge AI solution from MindHYVE.ai. Purpose-trained to assist clinicians and physicians, Ava-Healthcare™ leverages state-of-the-art reasoning capabilities to tackle complex medical challenges and deliver impactful, real-time solutions."[1]

25.     Likewise, on LinkedIn, Defendants advertised their "Ava-Healthcare" software model as "[t]he Future of Healthcare," claiming that the service will use an "AI model" to "unravel[] ambiguous diagnoses" and "predict[] outcomes with

---

[1]     Accessible at: https://www.dv8.bz/post/transforming-healthcare-with-ava-healthcare-the-future-of-ai-driven-clinical-decision-support (last accessed May 27m, 2025).

unparalleled accuracy."  Mr. Faruki then reposted Defendants' publication, as shown below:



26.    As alleged above, since at least 2019, Plaintiff has used its registered AVA Mark in connection with an artificial intelligence platform that provides the

same healthcare-related services that Defendants now advertise as offered under their infringing "AVA-HEALTHCARE" mark.  Compounding the inevitable consumer confusion, for years Plaintiff has offered insurance services under its registered AVA Mark, and Defendants intend to provide insurance-related services under their "AVA-INSURANCE" mark, as well.

27.    Defendants' use of AVA-formative trademarks with respect to software and artificial intelligence services in the healthcare and insurance industries is likely to cause confusion mistake and deception such that members of the public and consumers of the parties' goods and services are likely to be confused as to the affiliation, connection or relationship between Plaintiff and Defendants, and confused into believing Defendants' goods and services are endorsed or sponsored by Plaintiff.

28.    Defendants are not authorized to use marks confusingly similar to the AVA Mark in connection with their overlapping goods and services.  Defendants' use of marks confusingly similar to the AVA Mark for related (if not identical) services is likely to cause confusion, mistake and deception such that members of the public and purchasers are likely to be confused as to the affiliation, connection or relationship between Plaintiff and Defendants, and confused into believing Defendants' goods and services are endorsed or sponsored by Plaintiff, when they are not.  Each of these actions creates a likelihood of consumer confusion.

29.    On information and belief, Defendants' activities complained of herein constitute willful and intentional infringement of the AVA Mark, since Plaintiff notified Defendants in January 2025 that Plaintiff offers services in the healthcare and insurance arena under its AVA Mark (including a proprietary artificial intelligence-based platform), in response to which Defendants have continued to expand their use of the infringing AVA-formative marks, including in the healthcare arena.  Indeed, after receiving Plaintiff's letter, Defendants have proceeded to file nine additional AVA-formative trademark applications and tout their service

offerings thereunder, including services in the healthcare and insurance arenas.

30.    Plaintiff seeks injunctive relief to prevent the irreparable harm that is being caused and will be caused by Defendants' infringement of the AVA Mark.

### **FIRST CLAIM FOR RELIEF**

### **(Federal Trademark Infringement (15 U.S.C. § 1114))**

31.    Plaintiff repeats and incorporates by this reference each and every allegation above as though set forth in full.

32.    By the acts and omissions set forth above, Defendants have infringed and continue to infringe Plaintiff's federally registered trademark rights in violation of Section 32 of the Lanham Act, 15 U.S.C. section 1114.  Defendants' conduct and use of a confusingly similar mark is likely to cause confusion, mistake and deception among the general purchasing public and consumers as to the affiliation, connection, association, origin, sponsorship or approval of Defendants' goods and services, and interfere with Plaintiff's ability to use its marks to indicate a single quality control source of its goods and services.

33.    Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury for which Plaintiff has no adequate remedy at law.  Plaintiff is therefore entitled to a preliminary and permanent injunctions against further infringing conduct by Defendants.

34.    Defendants have profited and are profiting by such infringement, and Plaintiff has been, and is being, damaged by such infringement.  Plaintiff is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing activities, including Defendants' profits and/or Plaintiff's lost profits.

35.    Furthermore, on information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the AVA Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.  Given the willfulness of Defendants' conduct, Plaintiff is entitled to

recover treble damages and its attorneys' fees under 15 U.S.C. section 1117.

### SECOND CLAIM FOR RELIEF

**(False Designation Of Origin And Unfair Competition (15 U.S.C. § 1125(a))**

36.    Plaintiff repeats and incorporates by this reference each and every allegation above as though set forth in full.

37.    The acts of Defendants as alleged herein also constitute false designation of origin and unfair competition in violation of Lanham Act section 43(a), 15 U.S.C. section 1125(a).

38.    Defendants' aforesaid advertising, offering for sale, and sale of goods and services under the infringing AVA-formative marks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods and services, in that actual or potential purchasers are likely to believe that Plaintiff authorizes or controls the advertising, offering, or sale of Defendants' goods and services described above.

39.    Defendants' use in commerce of a confusingly similar mark in connection with Defendants' goods and services constitutes false designation of origin and/or sponsorship of such goods and services, and falsely describes and represents such goods and services.

40.    Defendants' conduct constitutes unfair competition that has violated, and unless restrained and enjoined by this Court will continue to violate, Plaintiff's trademark rights, and will cause irreparable harm, damage, and injury to Plaintiff's goodwill and business reputation.

41.    Similarly, if Defendants' conduct is not restrained and enjoined by this Court, then Plaintiff will be irreparably injured as a result of Defendants' infringement and wrongful acts, circumstances as to which Plaintiff has no adequate remedy at law.  Plaintiff is therefore entitled to a permanent injunction against further infringing and unlawful conduct by Defendants.

Rutan & Tucker, LLP
*attorneys at law*

42.    Defendants have profited and are profiting by such infringement and Plaintiff has been and is being damaged by such infringement.  Plaintiff is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing and unlawful activities, including Defendants' profits and/or Plaintiff's lost profits.

43.    Furthermore, on information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, such that Plaintiff is entitled to recover treble damages and its attorneys' fees under 15 U.S.C. section 1117.

## THIRD CLAIM FOR RELIEF

### (Common Law Unfair Competition And Trademark Infringement)

44.    Plaintiff repeats and incorporates by this reference each and every allegation above as though set forth in full.

45.    The actions and conduct of Defendants as alleged herein are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Defendants with Plaintiff, and as to origin of Defendants' goods and services, and Plaintiff's apparent sponsorship or approval of Defendants' goods and services.

46.    Defendants' unauthorized actions and conduct as alleged herein constitute unfair competition under California common law and direct infringements of Plaintiffs' trademark rights in violation of California common law.

47.    Defendants, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Plaintiff, including but not limited to injury to Plaintiff's goodwill and business reputation.

48.    Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury for which Plaintiff has no adequate remedy at law.  Plaintiff is therefore entitled to a permanent injunction against further infringing conduct by

1  Defendants, as well as damages and exemplary damages, to the extent authorized by

2  law.

3  **FOURTH CLAIM FOR RELIEF**

4  **(Cancellation of Trademark Applications - 15 U.S.C. § 1119)**

5  49.    Plaintiff repeats and incorporates by this reference each and every

6  allegation above as though set forth in full.

7  50.    Plaintiff owns two federal trademark registrations for its AVA Mark,

8  U.S. Reg. Nos. 6,403,726 and 7,464,841.  *See* **Ex. A**.  Plaintiff's registrations cover

9  "AVA" as a standard character mark for use in connection with goods and services

10  in International Classes 9, 35, 36, 42, and 44.

11  51.    After Plaintiff's registrations issued, Defendants filed nine intent-to-use

12  applications to register their infringing AVA-formative marks in connection with

13  services in International Class 42.  *See* **Ex. B**.  Defendants' applications seek to

14  register Defendants' claimed AVA-formative marks as standard character marks.

15  52.    Substantial overlap exists between Plaintiff's registrations for its AVA

16  Mark and Defendants' applications for its claimed AVA-formative marks.  "AVA"

17  is the dominant, primary component of the marks for which Defendants seek

18  registration.  Additionally, like Plaintiff's registrations, Defendants seeks

19  registration of their marks as standard character marks.

20  53.    There is substantial overlap between the services listed in Defendants'

21  applications and those listed in Plaintiff's registrations.  For example, Plaintiff's

22  registrations cover "Software as a service" in International Class 42, and all of

23  Defendants' applications seek registration in connection with essentially the same

24  service in International Class 42.

25  54.    The AVA-formative marks that are the subject of Defendants'

26  applications are confusingly similar to Plaintiff's registered AVA Mark.  Plaintiff

27  has prior trademark rights over Defendants, having used its registered AVA Mark in

28  commerce since at least August 2019.  Thus, no registration should issue to

1  Defendants. *See* 15 U.S.C. §§ 1052(d), 1063.

2      55.    The dispute regarding the registrability of Defendants' trademark

3  applications has a sufficient nexus to the dispute before this Court involving

4  infringement of Plaintiff's federally registered AVA Mark, and this Court thus has

5  jurisdiction to determine the registrability of Defendants' trademark applications.

6      56.    Plaintiff will be damaged by the registration of Defendants' infringing

7  AVA-formative marks and thereby petitions to cancel the pending applications to

8  register those marks, namely, U.S. Serial No. 99/177,903 (AVA-FUSION), No.

9  99/213,791 (AVA-HEALTHCARE), No. 99/213,799 (AVA-INSURANCE), No.

10  99/213,793 (AVA-LEGAL), No. 99/213,796 (AVA-EDUCATION), No.

11  99/213,809 (AVA-TECHNOLOGY), No. 99/213,818 (AVA-RETAIL), No.

12  99/213,826 (AVA-THEOLOGY), and No. 99/213,825 (AVA-MARKETING).

13  <u>**FIFTH CLAIM FOR RELIEF**</u>

14  **(Unfair Competition – Cal. Business & Professions Code § 17200)**

15      57.    Plaintiff repeats and incorporates by this reference each and every

16  allegation above as though set forth in full.

17      58.    Defendants' conduct and actions as alleged herein, including without

18  limitation Defendants' trademark infringement in using a trademark confusingly

19  similar to Plaintiff's mark and to confuse consumers, constitutes unlawful and unfair

20  trade practices and unfair competition in violation of California Business and

21  Professions Code Section 17200, *et seq*. and have no valid or legitimate purpose

22  except to benefit Defendants at Plaintiff's expense.

23      59.    Plaintiff is entitled to restitutionary damages and because Defendants

24  are likely to continue with their unlawful conduct absent an injunction, Plaintiff is

25  entitled to a preliminary and permanent injunction.

26  <u>**PRAYER**</u>

27      WHEREFORE, Alignment prays for an order and judgment against

28  Defendants, and each of them, as follows:

Rutan & Tucker, LLP
*attorneys at law*

1. That Defendants, and each of them, their owners, partners, agents, servants, distributors, affiliates, employees, representatives, and all those in privity or acting in concert with Defendants or on their behalf, be permanently enjoined and restrained from, directly or indirectly:

    a. Selling, offering to sell, advertising, displaying, or using the AVA Mark, any mark confusingly similar thereto including those addressed herein, alone or in combination with other words, names, styles, titles, designs or marks in connection with the sale, advertising, marketing and promotion of healthcare and insurance-related services;

    b. Using in any other way any other mark or designation so similar to the AVA Marks as to be likely to cause confusion, mistake or deception as to an affiliation, connection, sponsorship or endorsement of Defendants and/or their products or services by or with Plaintiff;

2. For an order requiring Defendants to file with the Clerk of this Court and serve Plaintiff, within thirty (30) days after the entry of any preliminary or permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the terms above;

3. For an award of Defendants' profits and Plaintiff's damages according to proof at trial;

4. For an order requiring Defendants to account for and pay to Plaintiff all gains, profits and advantages derived by Defendants from the unlawful activities alleged herein, and/or as a result of unjust enrichment;

5. For an award of pre- and post-judgment interest at the highest rate allowed by law;

6. For cancellation of Defendant's trademark applications with U.S. Serial Nos. 99/177,903, 99/213,791, 99/213,799, 99/213,793, 99/213,796, 99/213,809, 99/213,818, 99/213,826, and 99/213,825;

7. For a finding that this is an "exceptional" case;

8.     For treble damages under 15 U.S.C. § 1117(b);

9.     For an award of Plaintiff's attorneys' fees, costs and expenses, including but not limited to expert witness fees, incurred in this action; and

10.    For such further relief as this Court shall deem just and proper.

Dated:  June 23, 2025

RUTAN & TUCKER, LLP
RONALD P. OINES
SARAH VAN BUITEN


By: _____*/s/ Ronald P. Oines*_____

Ronald P. Oines
Attorneys for Plaintiff
Alignment Healthcare USA, LLC

Rutan & Tucker, LLP
*attorneys at law*

COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2    Plaintiff hereby demands a jury trial in this action.

3

4    Dated:  June 23, 2025                              RUTAN & TUCKER, LLP
                                                        RONALD P. OINES
5                                                       SARAH VAN BUITEN

6                                                       By:_____ */s/ Ronald P. Oines*_____
7                                                          Ronald P. Oines
                                                           Attorneys for Plaintiff
8                                                          Alignment Healthcare USA, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rutan & Tucker, LLP
*attorneys at law*

2945/101844-0052
22280608.3 a06/23/25                         -21-                              COMPLAINT