Ronald P. Oines (State Bar No. 145016)
roines@rutan.com
Sarah Van Buiten (State Bar No. 324665)
svanbuiten@rutan.com
Cameron Patel (State Bar No. 353504)
cpatel@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA  92612
Telephone:   714-641-5100
Facsimile:   714-546-9035

Attorneys for Plaintiff
Alignment Healthcare USA, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alignment Healthcare USA, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MindHYVE.ai, Inc., a Nevada corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 8:25-cv-01354 MRA (DFMx)<br><br>Judge:   Hon. Monica Ramirez Almadani<br>Crtrm:   9B<br><br>**STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER**<br><br>**DISCOVERY MATTER**<br><br>Date Action Filed: June 23, 2025<br>Trial Date:            None Set |

**I.   PURPOSE AND LIMITATIONS.**

Disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and ask the Court to enter a Protective Order as set forth below:

**II.   GOOD CAUSE STATEMENT**

The parties believe this case may involve documents, materials, or information that need special protection from public disclosure and from use for any purpose other than prosecution of this action.  This action may involve confidential

and proprietary materials and information consisting of, without limitation, the parties' confidential business or financial information, information regarding the parties' confidential business practices, or other commercial information (including information implicating privacy rights of third parties) that is generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Finally, this action may involve inadvertent production of information subject to the attorney-client privilege, attorney work product doctrine, or other similar evidentiary privileges and protections.

      Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III.   DEFINITIONS

### A.   Party

Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

### B.   Disclosure or Discovery Material

All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

Rutan & Tucker, LLP
attorneys at law

2945/101844-0052
23070606.1 a11/20/25

-2-

STIPULATED PROTECTIVE ORDER;
[PROPOSED] ORDER

      C.    **"Confidential" Information or Items**

Any document, information or material (regardless of how generated, stored or maintained) that a Party, in good faith, believes to constitute or include, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material.

      D.    **"Highly Confidential -- Attorneys' Eyes Only" Information or Items**

To the extent a Party believes in good faith that certain Confidential Information or Items whose disclosure to another Party or nonparty is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Confidential Information or Items as, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such documents, information, or materials may include, but are not limited to: (i) the Parties' non-public financial information; (ii) information of a competitively or commercially sensitive or proprietary nature or trade secrets regarding any products made by or for a Party; (iii) non-public customer or distributor information, including without limitation non-public arrangements and agreements with customers and distributors and the prices at which products are sold to customer and distributors; (iv) research and development materials; (v) confidential licenses or agreements; and (vi) any other information that the Parties, through their counsel, believe in good faith would create a substantial risk of harm if disclosed.

      E.    **Receiving Party**

A Party or non-party that receives Disclosure or Discovery Material from a Producing Party.

      F.    **Producing Party**

A Party or non-party that produces Disclosure or Discovery Material in this action.

Rutan & Tucker, LLP
attorneys at law

2945/101844-0052
23070606.1 a11/20/25

-3-

STIPULATED PROTECTIVE ORDER;
[PROPOSED] ORDER

### G.  Designating Party

A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

### H.  Protected Material

Any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

### I.  Outside Counsel

Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

### J.  Expert

A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes without limitation a professional jury or trial consultant retained in connection with this litigation.

### K.  Professional Vendors

Persons or entities who provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## IV.  SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in other settings that might reveal Protected Material. This Order does not apply to court hearings or proceedings. The use of Confidential and Highly Confidential – Attorneys' Eyes Only information or items in court hearings or proceedings will be addressed with

Rutan & Tucker, LLP
attorneys at law

2945/101844-0052
23070606.1 a11/20/25

-4-

STIPULATED PROTECTIVE ORDER;
[PROPOSED] ORDER

the judicial officer conducting the proceeding at the appropriate time.

## V. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court Order otherwise directs.

## VI. DESIGNATING PROTECTED MATERIAL

### A. Exercise of Restraint and Care in Designating Material for Protection.

Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process, or to impose unnecessary expenses and burdens on other parties), should be addressed by the Parties pursuant to Section VII herein.

If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party shall notify all other parties that it is withdrawing or amending the designation

### B. Manner and Timing of Designations.

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(i) <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material. If

Rutan & Tucker, LLP
attorneys at law

2945/101844-0052
23070606.1 a11/20/25

-5-

STIPULATED PROTECTIVE ORDER;
[PROPOSED] ORDER

only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

      A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top or bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

      (ii)   <u>For testimony given in deposition</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

Rutan & Tucker, LLP
attorneys at law

2945/101844-0052
23070606.1 a11/20/25

-6-

STIPULATED PROTECTIVE ORDER;
[PROPOSED] ORDER

testimony may invoke on the record (before the deposition is concluded) a right to have up to 15 days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Once this right to designate portions of the transcript as Protected Material has been invoked, the entire transcript, and all testimony given in the deposition, shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the 15 day period has lapsed; thereafter, only those portions of the testimony that are appropriately designated for protection within the 15 days shall be covered by the provisions of this Stipulated Protective Order, unless a Designating party specifies that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(iii)   For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

C.     **Inadvertent Failures to Designate.**

An inadvertent failure to designate qualified information or items as

"Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

### A. Timing of Challenges.

Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

### B. Meet and Confer.

A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith under Local Rule 37.1 et seq. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

### C. Judicial Intervention.

A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a

Rutan & Tucker, LLP
attorneys at law

2945/101844-0052
23070606.1 a11/20/25

-8-

STIPULATED PROTECTIVE ORDER;
[PROPOSED] ORDER

motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion shall set forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue required under Section VII(B), supra, or explain that no justification was given, if that is the case.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

Any motion brought pursuant to this Section shall be governed by Local Rules 37-1 and 37-2 (including the Joint Stipulation Requirement).

### D.  Privilege Claims.

If the Receiving Party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the Receiving Party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the Producing Party or Designating Party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the Producing Party or Designating Party of the information.

A Producing Party or Designating Party must give written notice to any Receiving Party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request"). After a clawback request is received, the Receiving Party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose. The Parties shall meet and confer regarding any clawback request.

## VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

### A. Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XII below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### B. Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(i) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(ii) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(iii) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(iv) the Court and its personnel;

(v) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(vi) during their depositions, witnesses in the action to whom disclosure is reasonably necessary for this litigation and who have signed the

Rutan & Tucker, LLP
attorneys at law

2945/101844-0052
23070606.1 a11/20/25

-10-

STIPULATED PROTECTIVE ORDER;
[PROPOSED] ORDER

1  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise
2  agreed by the Designating Party or ordered by the court.  Pages of transcribed
3  deposition testimony or exhibits to depositions that reveal Protected Material must
4  be separately bound by the court reporter and may not be disclosed to anyone except
5  as permitted under this Stipulated Protective Order;

6　　　　　(vii)　the author of the document or the original source of the
7  information.

8　　**C.**　**Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'**
9　　　　**EYES ONLY" Information or Items.**

10　　Unless otherwise ordered by the Court or permitted in writing by the
11 Designating Party, a Receiving Party may disclose any information or item
12 designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

13　　　　(i)　the Receiving Party's Outside Counsel of record in this action, as
14 well as employees of said Outside Counsel to whom it is reasonably necessary to
15 disclose the information for this litigation;

16　　　　(ii)　Experts (as defined in this Order) (1) to whom disclosure is
17 reasonably necessary for this litigation, (2) who have signed the "Agreement to Be
18 Bound by Protective Order" (Exhibit A), and (3) to whom no objection is received
19 within seven days, per the procedure set forth in Section VIII(D), below;

20　　　　(iii)　the Court and its personnel;

21　　　　(iv)　court reporters, their staffs, and professional vendors to whom
22 disclosure is reasonably necessary for this litigation; and

23　　　　(v)　the author of the document or the original source of the
24 information.

25　　**D.**　**Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'**
26　　　　**EYES ONLY" Information or Items to Experts.**

27　　No less than seven (7) days before the intended date of disclosure of any
28 information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY to an Expert, per Section VIII(C), above, the following information must be provided to the Producing Party: the identity of the Expert; the business address and/or affiliation and a current curriculum vitae of the Expert, including the education, present and past employment and general areas of expertise of the Expert; and the executed Attachment A.

If the Producing party objects to disclosure of Highly Confidential – Attorneys' Eyes Only materials to the Expert, then the Producing Party shall within seven (7) days of receipt serve written objections identifying the specific basis for the objection, and particularly identifying all information to which disclosure is objected. As to any objections, the Parties shall attempt in good faith to promptly resolve any objections informally. If the objections cannot be resolved, the Party seeking to prevent disclosure to the Expert shall prepare a Joint Stipulation, per Local Rule 37-2, with seven (7) days of the conference, seeking an Order of the Court preventing the disclosure. The burden of proving that the designation is proper shall be upon the Producing Party. Upon such motion, disclosure of Highly Confidential – Attorneys' Eyes Only materials shall not be made without Court Order.

## IX. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena, request for documents or communications issued in other litigation, or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by email or fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who

Rutan & Tucker, LLP
attorneys at law

2945/101844-0052
23070606.1 a11/20/25

-12-

STIPULATED PROTECTIVE ORDER;
[PROPOSED] ORDER

caused the subpoena, discovery request, or order to issue in the other litigation that some or all the material covered by the subpoena, discovery request, or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena, discovery request, or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued. The Receiving Party and the Designating Party shall work together in good faith to respond to the lawful subpoena and also to protect the Designating Party's confidentiality interests. The Designating Party shall bear the burdens and the expenses of seeking protection in that Court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena issued in another action.

## X. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI. FILING OF PROTECTED MATERIAL.

In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the proposed filing shall be

Rutan & Tucker, LLP
attorneys at law

2945/101844-0052
23070606.1 a11/20/25

-13-

STIPULATED PROTECTIVE ORDER;
[PROPOSED] ORDER

accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the Judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers. If a Party's request to file under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XII. FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action including appeals, each Receiving Party must: (a) return all Protected Material to the Producing Party; or (b) destroy the Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain archival copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V (DURATION) above.

## XIII. MISCELLANEOUS

### A. Right to Further Relief.

Nothing in this Order abridges the right of any person to seek its modification

Rutan & Tucker, LLP
attorneys at law

2945/101844-0052
23070606.1 a11/20/25

-14-

STIPULATED PROTECTIVE ORDER;
[PROPOSED] ORDER

by the Court in the future.

### B. Right to Assert Other Objections.

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party.

IT IS SO ORDERED.

Dated: December 4, 2025

Hon. Douglas F. McCormick
United States Magistrate Judge

Rutan & Tucker, LLP
attorneys at law

2945/101844-0052
23070606.1 a11/20/25

-15-

STIPULATED PROTECTIVE ORDER;
[PROPOSED] ORDER

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

Dated: November 20, 2025

RUTAN & TUCKER, LLP
RONALD P. OINES
SARAH VAN BUITEN
CAMERON PATEL

By: /s/ *Ronald P. Oines*
Ronald P. Oines
Attorneys for Plaintiff
Alignment Healthcare USA, LLC

Dated: November 20, 2025

CALDWELL

By: /s/ *Jameson Pasek*
Jameson Pasek
Attorneys for Defendant
MindHYVE.ai, Inc., a Nevada corporation

2945/101844-0052
23070606.1 a11/20/25

-16-

STIPULATED PROTECTIVE ORDER;
[PROPOSED] ORDER

Rutan & Tucker, LLP
attorneys at law

# ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all of the other signatories listed on whose behalf this filing is submitted, concurring in the filing's content and have authorized the filing.

Dated: November 20, 2025

RUTAN & TUCKER, LLP
RONALD P. OINES
SARAH VAN BUITEN
CAMERON PATEL

By: /s/ *Ronald P. Oines*
Ronald P. Oines
Attorneys for Plaintiff
Alignment Healthcare USA, LLC

Rutan & Tucker, LLP
attorneys at law

2945/101844-0052
23070606.1 a11/20/25

-17-

STIPULATED PROTECTIVE ORDER;
[PROPOSED] ORDER

# EXHIBIT A

I, _____, declare as follows:

1. My present address is: _____.

2. My present occupation or job description is: _____.

3. My present employer is: _____.

4. I have received a copy of the Stipulated Protective Order ("Order") entered in *Alignment Healthcare USA, LLC v. MindHYVE.ai, Inc.*, Case No. 8:25-cv-01354 MR (DFMx) pending in the United States District Court for the Central District of California. I have carefully read and understand the provisions of the Order.

5. I will comply with all of the provisions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for the purposes of this action, any Protected Material that I receive in this action.

6. I submit to the jurisdiction of this Court for the purposes of enforcement of this Order.

Executed this ____ day of _____ 20__, in the County of _____, State of _____.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
SIGNATURE OF DECLARANT

Rutan & Tucker, LLP
attorneys at law

2945/101844-0052
23070606.1 a11/20/25

-18-

STIPULATED PROTECTIVE ORDER;
[PROPOSED] ORDER